UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DANIEL RUBEN SALINAS, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | Case No. 1:17-cv-103 | |
| § | | |
| JAMES R. MARTIN, et al., § | | |
| Defendants. § | | |

# MAGISTRATE JUDGE'S
# REPORT AND RECOMMENDATION

The Court is in receipt of Plaintiff's opposed Motion to Remand (hereinafter, Plaintiff's "Motion"). Dkt. No. 8. Plaintiff seeks remand to the 404th Judicial District Court of Cameron County, Texas. *Id.* at 3. It is recommended that Plaintiff's Motion be **DENIED**.

## I. Statement of the Case

On May 9, 2017, Defendant James R. Martin filed a Notice of Removal, removing Plaintiff's civil action to this Court from the 404th Judicial District Court of Cameron County, Texas. Dkt. No. 1. Plaintiff filed his Motion on June 8, 2017, asserting that this Court should remand the case back to state court because Defendant's removal was improper. Dkt. No. 8 at 1-3. Plaintiff argues that Defendant's removal was improper because the amount in controversy in this action does not exceed $75,000.00; therefore, this Court lacks diversity jurisdiction

pursuant to 28 U.S.C. § 1332. *Id.* at 3. Defendant filed his response in opposition on June 21, 2017. Dkt. No. 9. Denying Plaintiff's Motion is proper here because it is facially apparent from Plaintiff's Original Petition that his claims are likely to exceed $75,000, exclusive of interests and costs.

## II. Legal Standard

The party removing an action bears the burden of establishing that federal jurisdiction is present. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). All doubts concerning whether removal jurisdiction is proper must be resolved in favor of remand. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000). Pursuant to 28 U.S.C. § 1332, a federal court will not have subject matter jurisdiction unless (1) "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and (2) complete diversity of citizenship is present between the parties. 28 U.S.C. § 1332 ("Diversity of citizenship; amount in controversy; costs").

> Generally, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." However, when the state practice does not permit a demand for a specific sum, removal is proper if the removing party proves by a preponderance of the evidence that the amount in controversy exceeds $75,000. Defendant can satisfy this burden by (1) showing it is "apparent from the face of the petition that the claims are likely to exceed $75,000" or (2) setting forth "summary judgment-type evidence of facts in controversy that support a finding of the requisite amount."

> "[I]f it is facially apparent from the petition that the amount in controversy exceeds $75,000 at the time of removal, post-removal affidavits, stipulations, and amendments reducing the amount do not

deprive the district court of jurisdiction." In other words, these post-removal filings may only be considered in determining the amount in controversy "if the basis for jurisdiction is ambiguous at the time of removal." "Under those circumstances, the court is still examining the jurisdictional facts as of the time the case is removed, but the court is considering information submitted after removal."

*Villarreal v. State Farm Lloyds*, No. 7:15-CV-292, 2015 WL 5838876, at *1 (S.D. Tex. Oct. 7, 2015) (citations omitted).

### III. Discussion

The Original Petition that Plaintiff filed in state court requests "monetary relief over $200,000, but not more than $1,000,000.00." Dkt. No. 1-3 at 2. Additionally, Plaintiff's Original Petition alleges gross negligence by Defendants and seeks recovery of "exemplary and punitive damages." *Id.* at 5. Pursuant to the Texas Civil Practice and Remedies Code: "'Exemplary damages' means any damages awarded as a penalty or by way of punishment but not for compensatory purposes. Exemplary damages are neither economic nor noneconomic damages. 'Exemplary damages' includes punitive damages." TEX. CIV. PRAC. & REM. CODE ANN. § 41.001(5). Pursuant to § 41.008(b) of the Texas Civil Practice and Remedies Code, Plaintiff's exemplary damages claim could result in an award of at least $200,000. *See* TEX. CIV. PRAC. & REM. CODE § 41.008(b). "Furthermore, the Fifth Circuit has held that punitive damages are 'to be considered in ascertaining the amount in controversy when the insurer could be liable for those sums under state law. . . .'"

*Villarreal v. State Farm Lloyds*, 2015 WL 5838876, at *2 (quoting *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998)).

There is nothing in the record showing that Plaintiff abdicated his claim for exemplary or punitive damages prior to removal. In support of his claim that the amount in controversy does not meet the $75,000 jurisdictional threshold, Plaintiff relies on a post-removal affidavit signed by his attorney, Hector Rodriguez, on June 8, 2017. Dkt. No. 8 at 2. Rodriguez's affidavit states that Plaintiff's original amount in controversy and gross negligence claim were mistakenly included in the state petition. *Id.* at 5-6. The affidavit represents that Plaintiff "will not seek or make a claim for damages, excluding interests and costs, in excess of $75,000.00, nor make a claim for gross negligence and exemplary damages against [Defendants]." *Id.* at 6. However, the affidavit does not stipulate that Plaintiff will accept no more than $75,000 in his recovery.

Rodriguez's affidavit fails to support remand for the same reasons another attorney's affidavit failed to support remand in a similar case. *See Villarreal v. State Farm Lloyds*, 2015 WL 5838876, at *3. In *Villarreal v. State Farm Lloyds*, the Court stated:

> Plaintiff offers the affidavit testimony of Plaintiff's counsel, Ms. Katherine Ray. In her affidavit, Ms. Ray states that "[t]he claimed amount of damages . . . amounts to $33,673.12. This is below the $75,000 threshold necessary for Federal Jurisdiction under 28 U.S.C. § 1332." The Court finds this testimony unconvincing. As noted earlier, post-removal affidavits may only be considered in determining the amount in controversy at the time of removal "if the basis for jurisdiction is ambiguous at the time of removal." It is quite clear to the Court that Defendant's basis for jurisdiction was unambiguous at

the time of removal. Therefore, the Court finds that Defendant has met its burden by demonstrating by a preponderance of the evidence that the amount in controversy in the instant case met the jurisdictional threshold at the time of removal.

*Id*. (citations omitted).

Here, it is unambiguously apparent from the face of Plaintiff's Original Petition that this Court has diversity jurisdiction under 28 U.S.C. § 1332. First, it is apparent that this Court has diversity jurisdiction because the parties do not dispute the complete diversity of citizenship between the parties. *See* Dkt. No. 8 at 2; Dkt. No. 9 at 3. Second, it is apparent from the face of Plaintiff's Original Petition that the amount in controversy satisfies diversity jurisdiction requirements because Plaintiff affirmatively pleaded for an amount over $75,000, and asserted a claim for exemplary damages that could result in an award of $200,000 or more. Dkt. No. 8 at 2; TEX. CIV. PRAC. & REM. CODE § 41.008(b).[1]

Therefore, remand is not appropriate because Plaintiff has not established "to a legal certainty that the claim is really for less than the jurisdictional amount. . . ." *See St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 289 (1938)). *See also Ray Mart, Inc. v. Stock Bldg. Supply of Texas, LP*, 435 F. Supp. 2d 578, 586 (E.D. Tex. 2006) ("[W]here the plaintiff's claims can be proved to be of the type that are worth more than [$75,000.00], they can be removed unless the plaintiff can show he is legally bound to accept less." The plaintiff "may establish this by identifying a

---

[1] Plaintiff's Original Petition also states it "affirmatively pleads that this suit is not governed by the expedited-actions process in Texas Rule of Civil Procedure 169 because Plaintiff seeks monetary relief above the expedited actions-limit." Dkt. No. 1-3 at 1. Texas Rule of Civil Procedure 169 provides for expedited actions where plaintiffs "seek only monetary relief aggregating $100,000 or less." TEX. R. CIV, P. 169(a)(1).

statute, or by filing a binding stipulation, that so limits [his] recovery.") (citations omitted). No such statute or stipulation is present in this case.

Thus, the Court finds that the amount in controversy in this case exceeds $75,000.00, exclusive of interests and costs. The Court additionally finds that the parties are completely diverse. Therefore, this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. Plaintiff's Motion lacks merit and should be denied.

## IV. Notice to the Parties

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Signed on this 7th day of August, 2017.

_____
Ignacio Torteya, III
United States Magistrate Judge